**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.: 1:26CR00065-001** |
| **Plaintiff,** | : | |
| | | **SENTENCING MEMORANDUM** |
| **vs.** | : | |
| **DAVID MITSNEFES** | : | **Judge Barrett** |
| **Defendant.** | : | |

---

**DEFENDANT'S SENTENCING MEMORANDUM**

---

**INTRODUCTION**

NOW COMES the defendant, David Mitsnefes, by and through counsel, who respectfully submits this Sentencing Memorandum for the Court's consideration.

Mr. Mitsnefes is asking that the Court, pursuant to the plea, to impose a sentence of 15 years. Such a sentence is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a).

**I. DETERMINING MR. MITSNEFES'S SENTENCE**

The United States Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). Once the appropriate advisory Guideline range is calculated, the district court throws this ingredient into the section 3553 (a) mix. *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), see also *Rita v. United States*, 127 S. Ct. 2456 (2007). See *United States v. McBride*, 434 F.3d 470, 475-76 & n.3 (6th Cir. 2006).

The focus in evaluating reasonableness is on the factors set for in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**A. Application of 18 U.S.C. § 3553(a) Statutory Sentencing Factors**

**1. Nature and circumstance of the offense**

On September 1, 2021, David Mitsnefes knowingly used a 14-year-old girl ("Minor Victim 1") to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

**2. <u>History and characteristics of the defendant</u>**

David Mitsnefes is 33 years old. He was raised by his parents in Blue Ash, Ohio. Mitsnefes' family was financially healthy, and he was always provided the necessities. He did not witness any crime or violence during his youth. His family is Jewish and involved with their local synagogue. When David was 13 years old, he decided to start attending services at the synagogue on a more frequent basis of his own accord. He actively volunteered at the synagogue with tasks such as cleaning and even preparation. He also had a religious mentor who he met with weekly to study the Torah.

David graduated from Sycamore High School in 2011. He then attended the University of Cincinnati, where he achieved a Bachelors Degree in psychology in 2016. From March 2016 to December 2025, David was employed as an underwriter for Enova International earning approximately $72,000 annually.

David is in good health. He has never been married and has no children. He has never been diagnosed with a mental health condition and does not suffer from any mental health-related symptoms. David does not consume alcohol outside of his religious traditions, and has never experienced a period of heavy or excessive drinking. Further, he has never used any illicit substances.

There are numerous examples of David's caring and generous character. David often helped the synagogue and their neighbors with technical issues. He donated to charity for at least the last ten years. David helped an elderly Korean war veteran by giving him money and delivering groceries to him on a regular basis. Additionally, David would help an elderly woman walk to the synagogue every day and also helped with grocery shopping and food activities. He never told anyone about the assistance he was giving others, as he did not do these things for recognition.

David's family continues to support him and is welcome in their home upon his release from incarceration.

**<u>The need for the sentence imposed</u>:**

**<u>To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>;**

**a. <u>To protect the public from further crimes of the defendant; and</u>**

**b. <u>To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;</u>**

David acknowledges that his crime is serious. Importantly, he also realizes he needs to change his perspective on viewing child pornography. David wants to and will deal with the porn addiction issues. David attempted to stop watching pornography several times, but never came to his parents for help. He did ask to go to an intensive Jewish boarding school where they do not use technology or phones. Moreover, after the search warrant was executed at his home, David spent hours looking for a therapist.

A great blessing for him is that he has extensive family support. Letters of support are attached.

**3. The kinds of sentences available**

David understands he faces a sentence of incarceration.

**4. The Advisory Guidelines Range**

Count 1, sexual exploitation of children, 18 U.S.C. § 2251(a). The base offense level is 32, pursuant to U.S.S.G. § 2G2.1(a). According to U.S.S.G. § 2G2.1(b)(1), Minor Victim 1 was 14 years old at the time the video was recorded so the 2 level increase is appropriate for an Adjusted Offense Level (Subtotal) of 34.

The offense includes at least two separate incidents of this conduct, which occurred on September 1, 2021 and September 11, 2021, which establishes a pattern of activity as outlined in the Sentencing Guidelines. Therefore, David is considered a Repeat and Dangerous Sex Offender Against Minor and 5 levels are added.

David has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by 2 levels pursuant to U.S.S.G. § 3E1.1(a).

David has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by 1 additional level pursuant to U.S.S.G. § 3E1.1(a) for a Total Offense Level of 36.

Law enforcement located child pornography on David's devices. David's offense of conviction, Sexual Exploitation of Children, is governed by U.S.S.G. § 2G2.1, which is excluded from the grouping rules found at U.S.S.G. § 3D1.2(d). As such, David cannot be held accountable, from a Sentencing Guidelines perspective, for "expanded relevant conduct," or conduct that is outside the scope of his offense of conviction.

David's offense level is 36 and his Criminal History Category is I. His resulting advisory guideline imprisonment range is 188 months to 235 months. This range falls in

Zone D of the Sentencing Table. U.S.S.G. § 5C1.1(f) provides that if the applicable range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment.

**5. Any Other Policy Statement**

David wants to be designated to a facility that will offer intensive residential sex offender treatment that will also accommodate his Jewish faith. He believes FCI Elkton will be the best choice of facility.

**6. Unwarranted Disparities**

None.

**7. Restitution**

The Court shall determine the full amount of the victim's losses and shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. Restitution shall be ordered. U.S.S.G. § 5E1.1. As of this writing, no requests for restitution have been received.

## CONCLUSION

David accepted responsibility and pled guilty. He has led an exemplary life. He is requesting a guideline departure sentence of 15 years. Such a departure is sufficient, but not greater than necessary, as: (1) he has been detained since his arrest; (2) his lack of any prior criminal record, (3) he immediately cooperated with federal agents by admitting to the offense, (4) he provided passwords to his devices so federal agents could access them, and (5) prior to his incarceration, he was an integral part of his religious community and went out of his way to serve others.

Based on all of the above, David requests that the court grant a variance from the guidelines, and impose 15 years in prison, given David's age, health, history and circumstance, and acceptance of responsibility, such a term would provide just punishment, promote respect for the law, and reflect the seriousness of his crimes.

David thanks this honorable Court for its time in considering his circumstances and this case.

Respectfully submitted,

/s/ William F. Oswall Jr.

William F. Oswall, Jr. (0080597)
Attorney for Defendant
THE OSWALL LAW FIRM, LLC
119 E. Court Street, Ste. 311
Cincinnati, Ohio 45202
(513) 632-5331
willoswall@theoswallfirm.com

**CERTIFICATION**

I hereby certify that I have served a copy of the foregoing through the Court's ECF system on the attorney of record.

Respectfully submitted,

/s/ William F. Oswall Jr.

William F. Oswall, Jr. (0080597)
Attorney for Defendant